FRIEDMAN, Circuit Judge.
 

 This is an appeal from a decision of the United States Claims Court granting the defendant United States’ motion for summary judgment and dismissing the petition. The appellants Kenneth and Lyle Hutchens assert that the United States breached its contract with them by making payment to another party to the contract. We affirm.
 

 I
 

 In November 1976, the appellants, as officers and directors of Hutchens Brothers, Inc. (Hutchens), contracted to sell real property to R.H. Brownsberger for $1,475,-000. Title was to remain in Hutchens until the terms of the purchase agreement, including full payment, were satisfied.
 

 The United States Army Corps of Engineers (United States) wished to acquire flowage easements over the property in connection with construction of a reservoir and dam, and made arrangements with the appellants for an appraisal of the tract. Mr. and Mrs. Brownsberger occupied the property at the time of the appraisal. The United States and the Brownsbergers began negotiations in August 1977 for the sale of the flowage easements and reached an agreement on January 9, 1978 when the Brownsbergers offered to sell two easements for a total price of $405,000.
 

 Since the Brownsbergers did not yet have legal title to the property, the United States advised them that the record owner would have to sign the offers to sell the easements. The appellants (as officers of Hutchens) and the Brownsbergers signed the agreements (one for each easement) on January 9, 1978. The Offer to Sell Easement, a standard government form, stated that “The undersigned, hereinafter called the Vendor, ... offers to sell and convey to the UNITED STATES OF AMERICA” the designated easement, and that
 

 The United States agrees to pay to the Vendor for said easement and rights the sum of [$405,000], payable upon acceptance of this offer and approval of the Vendor’s title; provided the Vendor can execute and deliver a good and sufficient easement deed with warranty of title
 
 *910
 
 conveying said easement and rights to the United States____
 

 ... [T]he Vendor will, at the request of the United States and without prior payment ..., execute and deliver the easement deed to the United States____
 

 Hutchens and the Brownsbergers signed the Offers to Sell Easements.
 

 On March 28, 1978, Hutchens and Mr. Brownsberger entered into a new contract for the sale of the property for $1,390,000. The contract provided for payment in segments,
 

 ... with the remaining $405,000.00 to be paid at the time damages are paid by the Corps of Engineers for flowage easements____ Buyer [Brownsberger] hereby specifically agrees to endorse the check representing such payment to the Sellers____
 

 Hutchens then conveyed the property to the Brownsbergers. Hutchens did not give the United States notice of this action.
 

 The United States thereafter gave to the Brownsbergers and Hutchens Brothers, Inc., as “Vendor,” notice of acceptance of the Offers to Sell Easements.
 

 A title search by the United States revealed that Mr. Brownsberger was the sole owner of the property (Mrs. Brownsberger had died in the interim). On July 21, 1978, Brownsberger conveyed the easements by deed to the United States. The United States gave Brownsberger a check payable to him for $405,000.
 

 Brownsberger failed to endorse the check to or to pay Hutchens as provided in the new contract of sale. Hutchens obtained a judgment against him for $405,-000, which apparently is uncollectible due to Brownsberger’s bankruptcy.
 

 The appellants, as the statutory trustees of Hutchens, then filed this suit in the Claims Court, seeking judgment against the United States of $405,000. They alleged that the United States breached its contract with Hutchens by failing to issue the check to Brownsberger and Hutchens as co-payees.
 

 The Claims Court granted the government’s motion for summary judgment and dismissed the suit. It held that Hutchens and Mr. Brownsberger were joint obligees with respect to the $405,000 payment for the easements due from the United States. It ruled that, under what the court viewed as the well established principle that a debtor may discharge its obligation to all joint obligees by payment to any one, the government’s payment to Mr. Brownsberger satisfied its obligation under the contracts. 5 Cl.Ct. 524 (1984).
 

 II
 

 Although we agree with the Claims Court that the appellants cannot recover, we reach that conclusion on a different ground than the Claims Court adopted.
 

 The appellants’ argument is as follows: The contracts were between the “Vendor,” consisting of Hutchens and the Brownsbergers, and the United States. Under the contracts the “Vendor” agreed to convey the easements to the United States, and the United States agreed “to pay to the Vendor” $405,000 for the easements. Since Hutchens and the Brownsbergers together comprised the contractual entity described as the “Vendor,” the United States could discharge its contractual obligation to pay the “Vendor” only by making payment to Hutchens and the Brownsbergers jointly. The government breached its contractual obligation when it paid the money solely to Mr. Brownsberger. As a result of that breach, Hutchens suffered $405,000 in damages because Mr. Brownsberger defaulted in his obligation under the contract of sale between him and Hutchens to pay $405,000 to Hutchens as the balance of the sales price of the land.
 

 If the relationship between Hutchens and the Brownsbergers had remained the same until the easements were conveyed and the government made payment, the appellants’ argument might have been convincing. But between the execution of the contracts to sell the easements and the closing of the contracts, a critical change occurred in the relationship between Hutchens and Mr.
 
 *911
 
 Brownsberger, which also changed the legal obligations of the parties to the contracts to sell the easements.
 

 At the time the contracts to sell the easements were executed, both Hutchens and the Brownsbergers had an interest in the property. Both of them therefore were necessary parties to any valid grant of the easements to the United States. Upon conveying the property to the Brownsbergers in March 1978, Hutchens parted with all its interest in the property, including the interest it would have conveyed in joining with the Brownsbergers in granting the easements. Thereafter Hutchens no longer could have performed its obligation under the contracts as a member of the vendor group to “sell and convey” the easements to the United States. Stated differently, when Hutchens conveyed all its interest in the property to the Brownsbergers, it necessarily ceased to be a member of the entity the contract described as the “Vendor.”
 

 An implied condition of and implicit in the contractual obligation of the United States to pay the $405,000 to the “Vendor” was that the recipient of that payment would be the person or persons who conveyed the easements to the government. When the contracts to sell the easements were executed, such person or persons would have been Hutchens and the Brownsbergers together. When the easements actually were conveyed and the payment therefor made, however, only Mr. Brownsberger and not Hutchens had an interest in the property. The sole conveyor of the easements was Mr. Brownsberger, and the government’s only obligation under the contracts was to pay the $405,000 to him, which it did.
 

 Indeed, the March 28, 1978 second contract to sell the property reflects the apparent recognition by Hutchens that after it conveyed the property to Mr. Brownsberger, only the latter would receive payment for the easements when he conveyed them to the United States. Mr. Brownsberger’s final payment of $405,000 on the purchase price of the property was “to be paid at the time damages are paid by the Corps of Engineers for flowage easements,” and Mr. Brownsberger “specifically agree[d] to endorse the check representing such payment” to Hutchens. The latter obligation could be interpreted as merely requiring Mr. Brownsberger to endorse a check made payable jointly to himself and Hutchens. In light of Mr. Brownsberger’s obligation to pay the $405,000 only when the government paid for the easements and the history of the transaction, however, a more plausible interpretation of this provision is that the parties recognized that once Hutchens parted with its interest in the property, Mr. Brownsberger, as the sole person conveying the easements to the United States, would receive payment directly from the United States for the interest he had conveyed and would then endorse the $405,000 check to Hutchens.
 

 The $405,000 loss Hutchens suffered resulted from Mr. Brownsberger’s breach of his contractual obligation to pay Hutchens and not from any breach by the United States of a contractual obligation to Hutch-ens. Hutchens cannot shift to the United States the loss it incurred as a result of Mr. Brownsberger’s default — particularly since Hutchens neither informed the United States of the changed relationship between itself and the Brownsbergers nor requested the United States to inform Hutchens when payment was made to Mr. Brownsberger for the easements.
 

 The appellants argue that summary judgment against them was improper because there was an issue of material fact resulting from their assertion that a government official had told them that payment for the option would be made jointly to them and the Brownsbergers. As the Claims Court noted (5 Cl.Ct. at 528, note 7) and as the appellants admitted on oral argument, this alleged statement was made prior to the conveyance by Hutchens of its interest in the property to the Brownsbergers on or after March 28, 1978. For the reasons we have given, any such commitment related only to the prior situation under which Hutchens and the Brownsber
 
 *912
 
 gers jointly would have conveyed the easements. There was no material issue of fact with respect to the propriety of the government’s payment of the $405,000 to Mr. Brownsberger when he alone conveyed the easements to the United States. As a matter of law, the government did not breach the contracts for the sale of the easements when it made payment for them to Mr. Brownsberger.
 

 The order of the United States Claims Court granting the motion for summary judgment and dismissing the petition is affirmed.
 

 AFFIRMED.